UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNGYOU ENTERPRISE CO., <br><br>  Plaintiff, <br><br> v. <br><br> GHIRARDELLI CHOCOLATE COMPANY, <br><br>  Defendant. | Case No. 22-cv-05306-TSH <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 15 |

## I. INTRODUCTION

Sungyou Enterprise Co. brings this breach of contract complaint against Ghirardelli Chocolate Company related to an agreement to distribute Ghirardelli's chocolate products in South Korea. Ghirardelli now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) based on claim preclusion, arguing that Sungyou already litigated identical causes of action in federal court, settled them, and dismissed them with prejudice. ECF No. 15. Sungyou filed an Opposition (ECF No. 21) and Ghirardelli filed a Reply (ECF No. 25). The Court finds this matter suitable for disposition without oral argument and **VACATES** the April 27, 2023 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** the motion.[1]

## II. BACKGROUND

Sungyou, a South Korean importer and distributor of food and beverages, alleges it was "the exclusive distributor of Ghirardelli's chocolate products in South Korea" from 2005 to 2018. Compl. ¶¶ 1, 12, 15, ECF No. 1. Sungyou sold Ghirardelli products through Western Export Services ("WES"), a Colorado corporation that distributes its clients' foods and beverages

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 18, 19.

internationally through local distributors. *Id.* ¶¶ 9, 14. By virtue of a 2003 agreement between WES and Ghirardelli, WES was "the export manager for Ghirardelli for the presentation and solicitation of sale of Ghirardelli's products outside of the United States, including South Korea." *Id.* ¶ 10.

Around August 2017, disputes arose between WES and Sungyou concerning the choice of a freight forwarder as well as nearly $400,000 in unpaid invoices issued by WES, which Sungyou maintained it had paid in full. *Id.* ¶¶ 24-28. At some point, Ghirardelli became involved as a "mediator." *Id.* ¶ 28. However, Sungyou and WES were unable to resolve the invoice dispute. *Id.* ¶¶ 29-33. WES decided to move forward with a new South Korean importer/distributor, Samkyoung F.S. Co., Ltd., and terminated its relationship with Sungyou in September 2018, a decision that Ghirardelli "support[ed]." *Id.* ¶¶ 35-36 ("David Cisneros of WES sent the 'Termination Notice' to Sungyou, with copies to Raymond Sanchez of Ghirardelli.").

### A.   Allegations in the Present Complaint

Sungyou asserts seven claims for relief alleging that Defendants—typically "Ghirardelli/WES" or "Ghirardelli, through WES"—wronged Sungyou in connection with the termination. *See, e.g., id.* ¶¶ 12, 39, 41, 50, 53, 54, 58, 61, 78, 81, 82, 97. Sungyou's claims for relief principally sound in contract. *See id.* ¶¶ 47-56 (First Cause of Action: Commercial Code 2711 – Failure to Deliver or Repudiation); ¶¶ 57-65 (Second Cause of Action: Breach of Contract – Promissory Estoppel); ¶¶ 66-71 (Third Cause of Action: Implied Covenant of Good Faith and Fair Dealing); ¶¶ 77-85 (Fifth Cause of Action: Failure to Give Reasonable Notice Under Commercial Code 2309(3)).

Sungyou alleges WES and Ghirardelli are parties to an agreement signed in 2003 "by which Ghirardelli appointed WES as the export manager for Ghirardelli for the presentation and solicitation of sale of Ghirardelli's products outside of the United States, including South Korea." *Id.* ¶ 10. Commencing in 2005, "Ghirardelli/WES appointed Sungyou as the exclusive importer of Ghirardelli chocolate products in South Korea." *Id.* ¶ 12. Since approximately 2005, Sungyou sold Ghirardelli's chocolate products "through WES on an exclusive basis in Korea." *Id.* ¶ 15. In 2007, "to confirm Sungyou's status as the exclusive distributor of the Products," Ghirardelli

2

1    provided Sungyou a statement on Ghirardelli letterhead and signed by David Cisneros as "Export

2    Manager" of "Ghirardelli Chocolate Co." that reads: "It is hereby certified that Sungyou

3    Enterprise is the only official importer and agent of Ghirardelli Chocolate Co. in Korea, with who

4    we cooperate for exclusive distributing and marketing of Ghirardelli food service on a long term

5    basis in Korea."  *Id.* ¶ 18; Hall Decl., Ex. A (2007 Statement), ECF No. 16.[2]  Sungyou also points

6    to a June 27, 2017 letter signed by Henry Hsia as "Director of Marketing & Sales Planning" for

7    "Ghirardelli Chocolate Company" that "confirm[s] that Sungyou Enterprise is an official importer

8    in South Korea for Ghirardelli products."  Compl. ¶ 23; Hall Decl., Ex. B (2017 Letter).  Sungyou

9    alleges the 2007 Statement, alone, and the 2007 Statement together with the 2017 Letter,

10   constitute a "Distributorship Agreement," a "valid written contract."  Compl. ¶¶ 51, 78.  Sungyou

11   alleges it was wrongful that "Ghirardelli/WES' ceased to supply any Products to Sungyou, and

12   instead shifted the South Korean business to Samkyoung.  *Id.* ¶¶ 38-41.

13   Sungyou asserts three other claims arising from the termination or the "aftermaths" of the

14   termination: Unjust Enrichment, *id.* ¶¶ 72-76 (Fourth Cause of Action); Cal. Civ. Code §§ 2338,

15   2339 / Vicarious Liability / Respondeat Superior, *id.* ¶¶ 86–99 (Sixth Cause of Action); and

16   Prohibited Business Practice – Cal. Bus. & Prof. Code §§ 17040, et seq., Unfair Competition, Cal.

17   Bus. & Prof. Code §§ 17200, et seq., *id.* ¶¶ 100-03 (Seventh Cause of Action).  These claims

18   variously allege other wrongs in connection with the termination, such as diversion of orders, the

19   misappropriation of Sungyou's South Korean distributors, and misrepresentations around the debt

20   issue that led to termination.

21   **B.     Sungyou's Allegations in Its Prior Action Against WES**

22   Three years before initiating this lawsuit, Sungyou brought claims against WES arising

23   from the 2018 termination as part of its Answer to Third-Party Complaint and Rule 14(a) Claim in

24   a case brought by WES in the Central District of California.  *See Western Export Services, Inc. v.*

---

[2] "Documents not attached to a complaint may be considered if no party questions their authenticity and the complaint relies on those documents."  *Finkelstein v. AXA Equitable Life Insurance Co.*, 325 F. Supp. 3d 1061, 1066 (N.D. Cal. 2018) ("Under the incorporation by reference doctrine, courts are permitted to look beyond the pleadings without converting a Rule 12(b)(6) motion into a motion for summary judgment."); *see also Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

3

*Webtrans Logistics, Inc.*, Case No. 2:19-cv-04279-JEM (C.D. Cal.) (the "*WES* Lawsuit").[3] Sungyou asserted these causes of action as crossclaims, after it was brought into a lawsuit between WES and a logistics company, Webtrans Logistics, that allegedly shipped unpaid-for Ghirardelli products to Sungyou during the debt dispute that led to Sungyou's termination. *See* Hall Decl., Ex. C ¶¶ 37-43.

In the *WES* Lawsuit, Sungyou's allegations revolved around WES's termination of Sungyou pursuant to the same "Termination Notice" alleged in the present complaint. *Id.* ¶¶ 31-36. The Rule 14(a) claim alleged that the termination arose from the same invoice/debt dispute alleged here. *Id.* ¶¶ 23-27. Sungyou alleged that WES's conduct was wrongful and harmed it to the extent that Sungyou made investments in growing the South Korean market, made business relationships with South Korean distributors, and lost future sales to the new South Korean distributor, Samkyoung. *Id.* ¶¶ 12, 16, 19-20, 44-48. Sungyou based its claims against WES in large part on the 2007 Statement, *id.* ¶¶ 17, 52, 74 (quoting and referencing the 2007 Statement), and the June 27, 2017 letter, *id.* ¶ 22 (referencing the June 27, 2017 letter). Sungyou alleged that because of the 2007 Statement and 2017 Letter, it was wrongful that WES shifted its business to Samkyoung. *Id.* ¶¶ 44-48.

The parties in the *WES* Lawsuit litigated their claims for over three years, culminating in a jury trial that began on September 13, 2022 and ended in a mistrial the same day. *See* Hall Decl., Ex. D (*WES* Lawsuit Civil Docket), ECF No. 269. Shortly before the new trial setting, the parties filed a Notice of Settlement on September 17, 2022. *Id.*, ECF No. 271. Sungyou brought this lawsuit against Ghirardelli two days later. On October 26, 2022, the parties in the *WES* Lawsuit filed a Joint Request for Dismissal of Entire Action With Prejudice, representing that "[t]his action

---

[3] Ghirardelli requests the Court take judicial notice of the public record from the *WES* Lawsuit. Mot. at 9; Hall Decl., ECF No. 16. Specifically, Ghirardelli requests the Court take judicial notice of (1) Sungyou's Answer to Third-Party Complaint and Rule 14(a) Claim, ECF No. 26 (C.D. Cal. Sept. 18, 2019), attached to the Hall Declaration as Exhibit C; (2) Joint Request for Dismissal of Entire Action with Prejudice; Order Thereon, ECF No. 277 (C.D. Cal. Oct. 27, 2022), attached to the Hall Declaration as Exhibit F; and (3) the *WES* Lawsuit Civil Docket, attached to the Hall Declaration as Exhibit D. The Court "may take judicial notice of undisputed matters of public record [under Fed. R. Evid. 201], . . . including documents on file in federal or state courts." *Harris*, 682 F.3d . at 1132. Accordingly, these documents may properly be considered by the Court on Ghirardelli's motion, and the Court **GRANTS** Ghirardelli's request.

has been settled and the settlement payment has been paid and negotiated." *Id.*, ECF No. 276. Granting the parties' request, the Central District of California dismissed Sungyou's claims with prejudice on October 27, 2022. *Id.*, ECF No. 277; Hall Decl., Ex. F (Joint Request for Dismissal of Entire Action with Prejudice; Order Theron).

### III.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim.  A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted).  Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009).  A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted).  However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### IV.   DISCUSSION

Ghirardelli argues Sungyou's complaint must be dismissed under the doctrine of claim preclusion because it asserts the same cause of action brought against WES in the *WES* Lawsuit, which the Central District dismissed with prejudice on October 27, 2022.[4]

Claim preclusion bars re-litigation of any claims that were raised or could have been raised in an earlier action. *W. Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1992) (citations omitted). Application of the claim preclusion doctrine "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988-89 (9th Cir. 2005) (citations omitted).

California state preclusion law applies here because the Central District of California sat in diversity in the *WES* Lawsuit. *See Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1247 (9th Cir. 2017); *Pollok v. Vanguard Fiduciary Tr. Co.*, 803 Fed. App'x 67, 68 (9th Cir. 2020). "Under California's doctrine of claim preclusion, 'all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." *Gonzales v. Cal. Dep't of Corrections*, 739 F.3d 1226, 1232 (9th Cir. 2014) (quoting *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 897 (2002)). The California Supreme Court has "described claim preclusion as applying 'only when a second suit involves (1) the same cause of action (2) *between the same parties [or their privies]* (3) after a final judgment on the merits in the

---

[4] Alternatively, Ghirardelli argues Sungyou's claims should be dismissed because they fail to state claims on which relief can be granted and fail for lack of jurisdiction. Ghirardelli asserts the "Distributorship Agreement" is not a valid contract, and therefore Sungyou's First, Second, Third, Fifth and Sixth Causes of Action must fail. In addition, it contends that four of Sungyou's claims—"breach of contract – promissory estoppel," unjust enrichment, vicarious liability, and unfair competition—should be independently dismissed as legally barred, not cognizable, and insufficiently pled. And finally, as it relates to Does 1-20, Ghirardelli says the complaint must be dismissed in its entirety for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). As the Court finds Sungyou's claim preclusion argument dispositive, it does not address these arguments.

1    first suit.'" *Grande v. Eisenhower Med. Ctr.*, 13 Cal. 5th 313, 323 (2022) (emphasis in original)

2    (quoting *Samara v. Matar*, 5 Cal. 5th 322, 327 (2018)).  As the litigant asserting preclusion,

3    Ghirardelli bears the burden of establishing that it was in privity in the first action.  *Id.* at 326

4    (citation omitted).

### A.     Same Cause of Action

In assessing whether the same cause of action is involved in the current lawsuit and in prior lawsuits, California follows the primary rights theory.  *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010).  "A '"cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty.'"  *Gonzales*, 739 F.3d at 1232-33 (quoting *Crowley v. Katleman*, 8 Cal. 4th 666, 681 (1994)).  "'[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.'"  *Id.* at 1233 (quoting *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983)).  "'If the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which could have been raised.'"  *Id.* (quoting *Eichman*, 147 Cal. App. 3d at 1175); *Mfrd. Home Cmtys Inc. v. City of San Jose*, 420 F.3d 1022, 1032 (9th Cir. 2005) ("Different theories of recovery are not separate primary rights.").

For example, "an exclusive right to sell and distribute [a product] pursuant to a contract" is a single primary right, even where the plaintiff in the subsequent suit advances different legal theories of recovery.  *See, e.g., Sanchez v. Sanchez*, 2012 WL 6678223, at *1, *4 (S.D. Cal. Dec. 21, 2012); *Mfrd. Home Cmtys Inc.*, 420 F.3d at 1031 (finding a single primary right where the plaintiff claimed a right to a fair return on an investment and where the claims all stemmed from the same alleged injury).  Thus, in *Sanchez*, the court found that because the plaintiff alleged a single primary right to exclusive distribution—in one case through trademark, in another case through tort and contract—any claim essentially seeking the benefits lost due to the defendant's violation of that primary right, arose from the same "cause of action" for purposes of California's

preclusion analysis. *Sanchez*, 2012 WL 6678223, at *4. Similarly, in *Pollok*, the Ninth Circuit held that an individual's contract claims against a Vanguard subsidiary asserted the same cause of action as an earlier tort-based action against another Vanguard entity, and thus were precluded. 803 Fed. App'x at 69.

Sungyou's claims in the *WES* lawsuit and the claims it brings here all stem from the same overarching primary right: the alleged right to be the "exclusive importer and distributor of Ghirardelli's chocolate products in South Korea." *Compare* Compl. ¶¶ 1, 12, 15, 18, 23, 50, 51, 58, 78 (all referencing Sungyou's alleged "exclusive" distributor status) with Hall Decl., Ex. C ¶¶ 3, 14, 17, 22, 52, 62, 74, 84, 92 (same). Sungyou correspondingly claims in both suits that WES violated the same "primary duty" to transact exclusively with Sungyou in South Korea by terminating Sungyou and shifting its business to Samkyoung. *Compare* Compl. ¶¶ 24-41 with Hall Decl., Ex. C ¶¶ 23-27, 31-36, 44-48. Under the umbrella of its "exclusive distributorship" right, both suits further claim that Sungyou had a right as to the manner and timing of its termination and that WES's actions leading up to and including the termination letter violated that right, causing the same injury—an inability to fulfill customer orders. *Compare* Compl. ¶¶ 29-37 (Titled "Termination) with Hall Decl., Ex. C ¶¶ 31-36 (also titled "Termination"). Both pleadings also allege that Sungyou had proprietary rights in the customers to whom it once sold Ghirardelli products, which were allegedly infringed when WES began selling to Samkyoung, thus causing the same loss of profits/revenue. *Compare* Compl. ¶ 17 with Hall Decl., Ex. C ¶ 16.

In fact, the two complaints overlap one another to such an extent that large swaths of the factual allegations are identical. For example, both suits allege the same harms and damages flowing from the "aftermaths of termination," alleging that WES's transition to an alternate importer following Sungyou's failure to pay its invoices caused damages by violating Sungyou's alleged rights to exclusivity. *Compare* Compl. ¶¶ 38-41 (titled "Aftermaths of Termination – Samkyoung") with Hall Decl., Ex. C ¶¶ 44-48 (also titled "Aftermaths of Termination – Samkyung [sic]"). The two suits also allege wrongful behavior related to Sungyou's agreement with WES to purchase Ghirardelli's products pursuant to the same letters of credit following Sungyou's failure to pay outstanding invoices. *Compare* Compl. ¶¶ 44, 46 (discussing a letter of

credit for "$303,752.71") with Hall Decl., Ex. C ¶ 32 (discussing the same letter of credit). And in both cases, Sungyou seeks the same amount of damages: "not less than $2,000,000." *Compare* Compl. at 16 ¶ B with Hall Decl., Ex. C ¶¶ 60, 66, 72. The Court also notes that Sungyou's complaint in this case casts the majority of its allegations against WES—which is not a party here—only slightly tailoring its allegations with occasional references to "WES/Ghirardelli" and allegations that WES was Ghirardelli's agent. *See, e.g.*, Compl. ¶¶ 14, 38, 50, 54, 61, 78, 87, 88. Sungyou does bring some slightly different claims on slightly different theories of recovery, but it is questionable whether this makes a difference given the claims in both suits all flow from the same alleged primary right and the same alleged breach of that right. *See, e.g., Sanchez*, 2012 WL 6678223, at *1, *4 (finding the claims were based on the same primary right where "[t]he difference between the two actions [was] only the legal theory advanced").

Accordingly, the Court finds Sungyou's claims against Ghirardelli arise out of the same primary right as its claims in the *WES* Lawsuit and thus constitute the same cause of action, satisfying the first requirement of the test for preclusion.

**B.     Same Parties**

The second element requires that the second suit be between the same parties or their privies. "Privity requires the sharing of 'an identity or community of interest,' with 'adequate representation' of that interest in the first suit." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 826 (2015) (quoting *Clemmer v. Hartford Ins. Co.*, 22 Cal. 3d 865, 875 (1978)). "When a defendant's liability is entirely derivative from that of a party in an earlier action, claim preclusion bars the second action because the second defendant stands in privity with the earlier one." *Id.* at 827-28.

Crediting Sungyou's own allegations, its complaint is premised on the allegation that WES acted as Ghirardelli's agent and that Ghirardelli, on a theory of vicarious liability, is derivatively liable for WES's actions. *See, e.g.*, Compl. ¶ 87 ("At all times herein mentioned, WES was the agent of defendant Ghirardelli. . . . Ghirardelli is, therefore, liable to Plaintiff for the acts of WES as heretofore alleged."), ¶ 88 ("WES, as Ghirardelli's authorized agent, signed the Statement."). Sungyou's opposition commits to the same premise, twice referring to WES as Ghirardelli's

9

"agent." Opp'n at 1, 7. Federal courts have found claims precluded under similar circumstances. *See, e.g., Lucore v. U.S. Bank, N.A. as Tr. for Certificate Holders of Bank of Am. Funding Corp.*, 2019 WL 1114876, at *5 (S.D. Cal. Mar. 11, 2019), *aff'd sub nom. Lucore v. U.S. Bank, N.A. as Tr. for Certificate Holders of Bank of Am. Funding Corp. Mortg. Pass-Through Certificates, Series 2006-H*, 829 F. App'x 790 (9th Cir. 2020) ("Defendants argue that Plaintiffs' allegations amount to a principle-agent relationship that constitutes privity. . . . Based on Plaintiffs' allegations, which the Court must construe as true on a motion to dismiss, the Court finds that any liability found as to [first defendant] is derivative of [second defendant's] action. Thus, [the two defendants'] separate interests are 'so closely aligned' that, for claim preclusion purposes, they 'are treated as identical parties.'") (quoting *DKN Holdings*, 61 Cal. 4th at 824); *Ratliff v. Mortg. Store Fin., Inc.*, 2017 WL 5890090, at *6 (N.D. Cal. Nov. 29, 2017) ("Crediting [plaintiff's] own allegations of agency, the 'same parties' requirement is met [under *DKN Holdings*] because [previous defendants] were defendants in the state-court cases. . . . The agency allegations are material to [plaintiff's] claims against [second defendant]. . . . without the agency relationship between [previous defendants and second defendant], [plaintiff] would have no claim. . . [plaintiff] cannot have it both ways—either privity obtains because of agency or there is no [claim against second defendant] if agency is lacking."); *cf. Delta Aliraq, Inc. v. Martin*, 2017 WL 11615775, at *11 (C.D. Cal. Aug. 5, 2017) ("In cases where a plaintiff finds out that a corporate defendant is controlled by a non-party during the litigation, the proper procedure is to amend the complaint to add the additional defendant."). Thus, given Sungyou's central theory that WES acted as Ghirardelli's agent, and that Ghirardelli is therefore liability on a theory of vicarious liability, the Court finds the element of privity is established for purposes of claim preclusion.

In its opposition, Sungyou argues Ghirardelli cannot establish privity because it cannot show it controlled WES or show it "has an interest so similar to WES's that it acted as WES's virtual representative in the prior litigation. The mere existence of an agency relationship is not sufficient." Opp'n at 8-12. In support of this argument, Sungyou primarily relies on two recent California Supreme Court decisions —*Grande* and *DKN Holdings*. However, these two cases actually support the conclusion that the agency relationship alleged in Sungyou's complaint

satisfies the privity requirement.

Sungyou relies on *DKN Holdings* for the propositions that "joint and several obligors may be sued in separate actions" and that "[c]laim preclusion does not bar subsequent suits against co-obligors if they were not parties to the original litigation." Opp'n at 8 (quoting *DKN Holdings*, 61 Cal. 4th at 825). It is unclear how this is relevant here, where the complaint alleges that Ghirardelli and WES were principal and agent, not co-obligors. This distinction is important because "[w]hen a defendants' liability is entirely derivative from that of a party in an earlier action, claim preclusion bars the second action because the second defendant stands in privity with the earlier one. . . . The nature of derivative liability so closely aligns the separate defendants' interest that they are treated as identical parties" *DKN Holdings*, 61 Cal. 4th at 828. Thus, for example, "[d]erivative liability supporting preclusion has been found between a corporation and its employees . . . a general contractor and subcontractors . . . an association of securities dealers and member agents . . . and among alleged coconspirators." *Id.* (citations omitted). This rule—not the opinion's holding with respect to joint and several liability—is the pertinent part of *DKN Holdings* given that Sungyou's claims are predicated on allegations of agency and invoke a theory of vicarious liability.

Sungyou next argues "Ghirardelli's claim that the second action is precluded because WES was its agent is a fact-based, and here disputed, issue that does not permit dismissal under Rule 12(b)(6)," noting that the Court in *Grande* "state[d] that 'the right of control' [is] 'the essential characteristic' of an agency relationship." Opp'n at 10 (quoting *Grande*, 13 Cal. 5th at 322). Sungyou argues "Ghirardelli appeared not to control WES as regards the termination of Sungyou's exclusive distributorship and stayed clear of that relationship, even though it undoubtedly had the power to appoint Sungyou as its distributor." *Id.* However, *Grande* did not establish any such test and, in fact, explicitly left unresolved issues related to the relationship between agency and the right of control. *See Grande*, 13 Cal. 5th at 322 ("[W]e do not resolve these issues."). Rather, *Grande* established that where different defendants have independent and unfulfilled statutory duties, those independent duties must be factored into the privity analysis. *Id.* at 331 ("But at issue here is the hospital's independent duty to comply with the Labor Code, and the staffing

11

agency's alleged failure to make full payment did not give rise to that duty. It may be possible for the parties to satisfy their statutory duties by contract, but the duties exist independent of those efforts."). Thus, *Grande* is distinguishable from Sungyou's present claims against Ghirardelli, which arise out of a private contractual relationship and where there is no independent legal duty arising out of statute. In such scenarios, *Grande* echoed the rule stated in *DKN Holdings* permitting claim preclusion in cases involving theories of derivative liability, stating that a defendant "stands in privity with the [original defendant] only if circumstances would permit binding the [second defendant] to an unfavorable judgment against the [first defendant] in the first action." *Id.* at 324 (citing *DKN Holdings*, 61 Cal. 4th at 827 n.10).

Finally, Sungyou asserts that whether an agency relationship exists is a "factbased, and here disputed, issue." Opp'n at 15. However, not only is that Sungyou's own allegation, but it is not disputed by Ghirardelli. *See* Mot. at 4 n.1 (acknowledging that Ghirardelli accepts Sungyou's allegations as true for purposes of the motion); Reply at 7 (same). Sungyou's complaint and opposition unambiguously allege an agency relationship between Ghirardelli and WES with respect to the subject of the lawsuit. *See, e.g.*, Compl. ¶¶ 14, 38, 50, 54, 61, 78, 87, 88; *see also* Opp'n at 1, 7. Sungyou also argues its complaint demonstrates a lack of "the right of control" (the "essential characteristic" of an agency relationship) because "Ghirardelli appeared not to control WES as regards the termination of Sungyou's exclusive distributorship and stayed clear of that relationship." Opp'n at 10. But the complaint does not allege this and, regardless, Sungyou's unpled argument that WES acted outside of Ghirardelli's "control" cannot avoid the consequences of its own express allegations of a principal-agent relationship because "Ninth Circuit courts regularly rely on allegations in the complaint to determine whether privity exists between former and current defendants." *Rolloco Holdings, Inc. v. VLP Cap., Inc.*, 2019 WL 1491175, at *5 (C.D. Cal. Apr. 4, 2019) (collecting cases, finding privity for purposes of claim preclusion, and dismissing certain claims with prejudice); *see also Macklin v. Hollingsworth*, 2014 WL 4417770, at *14 (E.D. Cal. Sept. 8, 2014), *report and recommendation adopted*, 2014 WL 7399214 (E.D. Cal. Dec. 29, 2014) (finding that plaintiff's allegation of an agency relationship between former defendant and current defendant was sufficient to show privity).

12

In sum, the Court finds that Ghirardelli stands in privity with WES, and the second element is therefore satisfied.

### C.  Final Judgment

Under California law, "[a] dismissal with prejudice following a settlement constitutes a final judgment on the merits." *In re Estate of Redfield*, 193 Cal. App. 4th 1526, 1553 (2011); *Lodgepole Investments, LLC v. Barsky*, 2015 WL 1306849, at *1-2, *5 (N.D. Cal. Mar. 23, 2015) (in deciding the claim preclusive effect of a voluntary dismissal following settlement in a prior federal court judgment based on diversity jurisdiction, concluding "[a] settlement and subsequent dismissal of an action is a final judgment on the merits"). Here, the United States District Court for the Central District of California dismissed with prejudice the previous suit between WES and Sungyou on October 27, 2022. Hall Decl., Ex. F. The Central District's order "dismiss[ed] the [] action in its entirety with prejudice," noting that the actions "ha[d] been settled and the settlement payment ha[d] been paid and negotiated." *Id.* Thus, as a matter of law, the judgment in the *WES* Lawsuit is a "final judgment on the merits" for purposes of claim preclusion.

### D.  Summary

In summary, the Court finds all three claim preclusion factors are satisfied. As all claims based on the same cause of action must be decided in a single suit, and Sungyou's claims in this case all rely on its claims in the *WES* Lawsuit, claim preclusion bars relitigation of Sungyou's claims here. *See Gonzales*, 739 F.3d at 1233 ( "If the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which could have been raised.") (citation and internal quotations omitted).

### E.  Attorney's Fees

Ghirardelli requests that, should the Court dismiss the complaint on grounds of claim preclusion, it be granted leave to file a motion for sanctions to be imposed under the Court's inherent power in the form of attorney's fees. Mot. at 23. The Court finds Sungyou did not bring this complaint in bad faith and therefore **DENIES** Ghirardelli's request.

### V.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Ghirardelli's motion and **DISMISSES**

13

Sungyou's complaint. As leave to amend would be futile, dismissal is **WITHOUT LEAVE TO AMEND**. The Clerk of Court shall close the file.

    **IT IS SO ORDERED.**

Dated: April 26, 2023

                                                    THOMAS S. HIXSON
                                                    United States Magistrate Judge

14